IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | |
|---|---|
| ALOFT MEDIA, LLC,<br><br>        Plaintiff,<br>v.<br><br>MICROSOFT CORPORATION,<br><br>        Defendant. | Civil Action No. 6:08-cv-51<br><br>JURY TRIAL DEMANDED |

## FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Plaintiff Aloft Media, LLC ("Aloft Media") complains against Microsoft Corporation ("Microsoft") (hereinafter "Defendant") as follows:

## PARTIES

1.   Plaintiff Aloft Media is a Texas limited liability company with its principal place of business at 211 W. Tyler Street, Suite C-1, Longview, TX 75601.

2.   Upon information and belief, Microsoft is a Washington corporation with its principal place of business at One Microsoft Way, Redmond, Washington. Microsoft may be served with process through its Registered Agent, Corporation Service Company located at 701 Brazos Street, Suite 1050, Austin, Texas 78701.

## JURISDICTION AND VENUE

3.   This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.    Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendant has transacted business in this district and has committed and/or induced and/or contributed to acts of patent infringement in this district.

5.    On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## PATENT INFRINGEMENT

## INFRINGEMENT OF U.S. PATENT NO. 6,601,393

6.    Aloft Media is the owner by assignment of United States Patent No. 6,901,393 ("the '393 patent") entitled "System, Method and Computer Program Product for a Customer-Centric Collaborative Protocol." The '393 patent issued on May 31, 2005.

7.    On information and belief, Microsoft has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '393 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Microsoft's infringements include, among other things, making, using, offering for sale, and/or selling computer software products, including without limitation Microsoft Dynamics computer software. Microsoft is thus liable for infringement of the '393 patent pursuant to 35 U.S.C. § 271.

8.    On information and belief, to the extent any marking was required by 35 U.S.C. § 287, such marking requirements have been complied with.

9.   As a result of the Defendant's infringement of the '393 patent, Aloft Media has suffered monetary damages that are compensable under 35 U.S.C. § 284 adequate to compensate it for the infringement, but in no event less than a reasonable royalty, and will continue to suffer such monetary damages in the future unless Defendant's infringing activities are permanently enjoined by this Court.

10.  Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, attorneys, representatives, affiliates, and all other acting on their behalf from infringing the '393 patent, Aloft Media will be greatly and irreparably harmed.

11.  This case presents exceptional circumstances within the meaning of 35 U.S.C. § 285 and Aloft Media is thus entitled to an award of its reasonable attorneys' fees.

12.  Upon information and belief, Defendant's infringements are willful, at least if Defendant continues to infringe the '393 patent after receiving notice of this lawsuit.

## INFRINGEMENT OF U.S. PATENT NO. 7,401,059

13.  Aloft Media is the owner by assignment of United States Patent No. 7,401,059 ("the '059 patent") entitled "System, Method and Computer Program Product for a Collaborative Decision Platform." The '059 patent issued on July 15, 2008.

14.  On information and belief, Microsoft is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '059 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Microsoft's infringements include, among other things, making, using, offering for sale, and/or selling computer software products, including without limitation Microsoft Dynamics computer software. Microsoft is thus liable for infringement of the '059 patent pursuant to 35 U.S.C. § 271.

15.  On information and belief, to the extent any marking was required by 35 U.S.C. § 287,

such marking requirements have been complied with.

16.  As a result of the Defendant's infringement of the '059 patent, Aloft Media has suffered monetary damages that are compensable under 35 U.S.C. § 284 adequate to compensate it for the infringement, but in no event less than a reasonable royalty, and will continue to suffer such monetary damages in the future unless Defendant's infringing activities are permanently enjoined by this Court

17.  Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, attorneys, representatives, affiliates, and all other acting on their behalf from infringing the '059 patent, Aloft Media will be greatly and irreparably harmed.

18.  This case presents exceptional circumstances within the meaning of 35 U.S.C. § 285 and Aloft Media is thus entitled to an award of its reasonable attorneys' fees.

19.  Upon information and belief, Defendant's infringements are willful, at least if Defendant continues to infringe the '059 patent after receiving notice of this lawsuit.

## PRAYER FOR RELIEF

WHEREFORE, Aloft Media, LLC requests that this Court enter:

A.   A judgment in favor of Aloft Media, LLC that Defendant has directly, and/or by way of inducing infringement by others, and/or contributing to the infringement by others of the '393 and '059 patents, and that such infringement was willful;

B.   A permanent injunction, enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with them from such infringement of the '393 and '059 patents;

C.   A judgment and order requiring Defendant to pay Aloft Media, LLC its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '393

4

and '059 patents as provided under 35 U.S.C. § 284;

D.    A judgment and order finding that this is an exceptional case within the meaning of 35

U.S.C. § 285 and awarding to Aloft Media its reasonable attorneys' fees; and

E.    Any and all other relief to which the Court may deem Aloft Media, LLC entitled.

### **DEMAND FOR JURY TRIAL**

Aloft Media, LLC, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial

by jury of any issues so triable by right.

Respectfully submitted,

__/s/ Danny L. Williams_____
Eric M. Albritton
Texas Bar No. 00790215
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397
ema@emafirm.com

Thomas John Ward, Jr.
Texas Bar No. 00794818
WARD & SMITH LAW FIRM
P O Box 1231
Longview, TX 75606-1231
Telephone: (903) 757-6400
Facsimile: (903) 757-2323
jw@jwfirm.com

Danny L. Williams
Texas Bar No. 21518050
Chris Cravey
Texas Bar No. 24034398
Matthew R. Rodgers
Texas Bar No. 24041804
WILLIAMS, MORGAN & AMERSON, P.C.
10333 Richmond, Suite 1100

Houston, Texas 77042
Telephone: (713)934-4060
Facsimile: (713) 934-7011
danny@wmalaw.com
ccravey@wmalaw.com
mrodgers@wmalaw.com

**ATTORNEYS FOR PLAINTIFF ALOFT
MEDIA, LLC**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 15th day of July, 2008, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by facsimile and/or U.S. Mail on this same date.

<u>/s/Mark Dunglinson</u>
Mark Dunglinson