**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **ALOFT MEDIA, LLC,** <br><br> Plaintiff, <br> v. <br><br> **MICROSOFT CORPORATION, et al.,** <br><br> Defendants | **Civil Action No. 6:08-cv-51** <br><br> **JURY TRIAL DEMANDED** |

### THIRD AMENDED COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Plaintiff Aloft Media, LLC ("Aloft Media") complains against Microsoft Corporation ("Microsoft"), SAP AG, SAP America, Inc. (collectively "SAP"), Oracle Corporation and Oracle USA, Inc. (collectively "Oracle"), The Sage Group, PLC and Sage Software, Inc. (collectively "Sage"), and Infor Global Solutions, Inc., Infor Global Solutions (Alpharetta), Inc., Infor Global Solutions (Georgia), Inc., Infor Global Solutions (Michigan), Inc. (collectively "Infor") (collectively "Defendants") as follows:

### PARTIES

1. Plaintiff Aloft Media is a Texas limited liability company with its principal place of business at 211 W. Tyler Street, Suite C-1, Longview, TX 75601.

2. Upon information and belief, Microsoft Corporation is a Washington corporation with its principal place of business at One Microsoft Way, Redmond, Washington. Service of process may be had on Microsoft's Registered Agent, Corporation Service Company, located at 701 Brazos Street, Suite 1050, Austin, Texas 78701.

3. Upon information and belief, Defendant SAP AG is a German corporation with its principal place of business at Dietmar-Hopp-Allee 16, 69190 Walldorf, Germany. SAP and AG does not have a registered agent for service of process in the State of Texas. Pursuant to the

Federal Rules of Civil Procedure, service upon Defendant SAP AG is proper through the means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, *opened for signature* Nov. 15, 1965, 20 U.S.T. 36 1, UNTS 163 ("Hague Convention"). In accordance with Articles 3 and 5 of the Hague Convention, Defendant SAP AG can be served by forwarding a properly formatted request, summons and complaint to the Central Authority of the State of Baten-Wurttemberg of the Federal Republic of Germany, whose address is Justizministerium Baten-Wurttemberg, Schillerplatz 4, 70173 Stuttgart. Pursuant to Article 5(a) of the Hague Convention, Defendant SAP AG can be served by the Central Authority for the State of Baten-Wurttemberg in the method prescribed by the internal laws of the Federal Republic of Germany for the service of document in domestic actions upon persons who are within its territory.

4. Upon information and belief, Defendant SAP America, Inc. is a Delaware corporation authorized to do business in the State of Texas with its principal place of business at 3999 West Chester Pike, Newtown Square, Pennsylvania. Service of process may be had on SAP's registered agent, CT Corporation System, located at 350 N. St. Paul St., Dallas, Texas 75201.

5. Upon information and belief, Defendant Oracle Corporation is a Delaware corporation with its corporate headquarters and principal place of business at 500 Oracle Parkway, Redwood City, California 94065. Service of process may be had on Oracle Corporation's Registered Agent, Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, Texas.

6. Upon information and belief, Defendant Oracle USA, Inc. is a Colorado corporation with its corporate headquarters and principal place of business at 500 Oracle Parkway, Redwood City, California 94065. Service of process may be had on Oracle USA's Registered Agent, Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

7. Upon information and belief, Defendant The Sage Group, PLC is a United Kingdom public limited corporation with its principal place of business at North Park, Newscastle Upon Tyne, United Kingdom. The Sage Group, PLC does not have a registered agent for service of process in the State of Texas. Pursuant to the Federal Rules of Civil Procedure, service upon Defendant The Sage Group, PLC is proper through the means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, *opened for signature* Nov. 15, 1965, 20 U.S.T. 36 1, UNTS 163 ("Hague Convention"). In accordance with Articles 3 and 5 of the Hague Convention, Defendant The Sage Group, PLC can be served by forwarding a properly formatted request, summons and complaint to the Central Authority of England, whose address is Senior Master of the Supreme Court Queen's Bench Division, Royal Courts of Justice, Strand London WC2A 2LL, England, U.K. Pursuant to Article 5(a) of the Hague Convention, Defendant The Sage Group, PLC can be served by the Central Authority for England in the method prescribed by the internal laws of England and The United Kingdom for the service of document in domestic actions upon persons who are within its territory.

8. Upon information and belief, Defendant Sage Software, Inc. is a Virginia corporation with its principal place of business at 56 Technology Dr., Irvine, California. Service of process may be had on Sage Software, Inc.'s Registered Agent, CT Corporation System, located at 350 N. St. Paul St., Dallas, Texas 75201.

9. Upon information and belief, Defendant Infor Global Solutions, Inc. is a Delaware corporation with its principal place of business at 13560 Morris Road, Suite 4100, Alpharetta, Georgia. Service of process may be had on Infor's Registered Agent, Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

10. Upon information and belief, Defendant Infor Global Solutions (Alpharetta), Inc. is a

Domestic corporation with its principal place of business at 13560 Morris Road, Suite 4100, Alpharetta, Georgia. Service of process may be had on Infor Global Solutions (Alpharetta), Inc.'s Registered Agent, C T Corporation Systems, 1201 Peachtree Street, N.E., Atlanta, Georgia 30361.

11. Upon information and belief, Defendant Infor Global Solutions (Georgia), Inc. is a Domestic corporation with its principal place of business at 13560 Morris Road, Suite 4100, Alpharetta, Georgia. Service of process may be had on Infor Global Solutions (Georgia), Inc.'s Registered Agent, C T Corporation Systems, 1201 Peachtree Street, N.E., Atlanta, Georgia 30361.

12. Upon information and belief, Defendant Infor Global Solutions (Michigan), Inc. is a Domestic corporation with its principal place of business at 13560 Morris Road, Suite 4100, Alpharetta, Georgia. Service of process may be had on Infor Global Solutions (Michigan), Inc.'s Registered Agent, C T Corporation, 350 North St. Paul St., Dallas, TX 75201.

## JURISDICTION AND VENUE

13. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

14. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). Upon information and belief, Defendants have transacted business in this district and have committed and/or induced and/or contributed to acts of patent infringement in this district.

15. Upon information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including: (i) at least a portion of the infringements

alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## PATENT INFRINGEMENT

## INFRINGEMENT OF U.S. PATENT NO. 6,601,393

16. Aloft Media is the owner by assignment of United States Patent No. 6,901,393 ("the '393 patent") entitled "System, Method and Computer Program Product for a Customer-Centric Collaborative Protocol." The '393 patent issued on May 31, 2005. A true and correct copy of '393 patent is attached as Exhibit A.

17. Upon information and belief, Microsoft has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '393 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Microsoft's infringements include, among other things, making, using, offering for sale, and/or selling computer software products, including without limitation Microsoft Dynamics computer software. Microsoft is thus liable for infringement of the '393 patent pursuant to 35 U.S.C. § 271.

18. Upon information and belief, SAP is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '393 patent in the State of Texas, in this judicial district, and elsewhere in the United States. SAP's infringements include, among other things, making, using, offering for sale, and/or selling computer software products, including without limitation SAP NetWeaver computer software. SAP is thus liable for infringement of the '393 patent pursuant to 35 U.S.C. § 271.

19. Upon information and belief, Oracle is directly infringing, and/or inducing infringement

5

by others, and/or contributing to the infringement by others of the '393 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Oracle's infringements include, among other things, making, using, offering for sale, and/or selling computer software products, including without limitation Oracle E-Business Suite computer software. Oracle is thus liable for infringement of the '393 patent pursuant to 35 U.S.C. § 271.

20.  Upon information and belief, Sage is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '393 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Sage's infringements include, among other things, making, using, offering for sale, and/or selling computer software products, including without limitation Sage MAS 500 eCustomer computer software. Sage is thus liable for infringement of the '393 patent pursuant to 35 U.S.C. § 271.

21.  Upon information and belief, Infor is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '393 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Infor's infringements include, among other things, making, using, offering for sale, and/or selling computer software products, including without limitation including SSA Global Technologies, Inc.'s SSA CRM computer software. Upon information and belief, Infor acquired SSA Global Technologies, Inc. in August 2006 and is thus liable for infringement of the '393 patent pursuant to 35 U.S.C. § 271.

22.  Upon information and belief, to the extent any marking was required by 35 U.S.C. § 287, such marking requirements have been complied with.

23.  As a result of the Defendants' infringement of the '393 patent, Aloft Media has suffered monetary damages that are compensable under 35 U.S.C. § 284 adequate to compensate it for the infringement, but in no event less than a reasonable royalty.

24. Upon information and belief, Defendants' infringements are willful, at least if Defendants continue to infringe the '393 patent after receiving notice of this lawsuit.

25. This case presents exceptional circumstances within the meaning of 35 U.S.C. § 285, at least if Defendants continue to infringe the '393 patent after receiving notice of this lawsuit, and Aloft Media is thus entitled to an award of its reasonable attorney fees.

## INFRINGEMENT OF U.S. PATENT NO. 7,401,059

26. Aloft Media is the owner by assignment of United States Patent No. 7,401,059 ("the '059 patent") entitled "System, Method and Computer Program Product for a Collaborative Decision Platform." The '059 patent issued on July 15, 2008. A true and correct copy of '059 patent is attached as Exhibit B.

27. On information and belief, Microsoft is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '059 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Microsoft's infringements include, among other things, making, using, offering for sale, and/or selling computer software products, including without limitation Microsoft Dynamics computer software. Microsoft is thus liable for infringement of the '059 patent pursuant to 35 U.S.C. § 271.

28. On information and belief, SAP is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '059 patent in the State of Texas, in this judicial district, and elsewhere in the United States. SAP's infringements include, among other things, making, using, offering for sale, and/or selling computer software products, including without limitation SAP NetWeaver computer software. SAP is thus liable for infringement of the '059 patent pursuant to 35 U.S.C. § 271.

29. On information and belief, Oracle is directly infringing, and/or inducing infringement by

others, and/or contributing to the infringement by others of the '059 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Oracle's infringements include, among other things, making, using, offering for sale, and/or selling computer software products, including without limitation Oracle E-Business Suite computer software. Oracle is thus liable for infringement of the '059 patent pursuant to 35 U.S.C. § 271.

30. On information and belief, Sage is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '059 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Sage's infringements include, among other things, making, using, offering for sale, and/or selling computer software products, including without limitation Sage MAS 500 eCustomer computer software. Sage is thus liable for infringement of the '059 patent pursuant to 35 U.S.C. § 271.

31. On information and belief, Infor is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '059 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Infor's infringements include, among other things, making, using, offering for sale, and/or selling computer software products, including without limitation including SSA Global Technologies, Inc.'s SSA CRM computer software. Upon information and belief, Infor acquired SSA Global Technologies, Inc. in August 2006 and is thus liable for infringement of the '059 patent pursuant to 35 U.S.C. § 271.

32. Upon information and belief, to the extent any marking was required by 35 U.S.C. § 287, such marking requirements have been complied with.

33. As a result of Defendants' infringement of the '059 patent, Aloft Media has suffered monetary damages that are compensable under 35 U.S.C. § 284 adequate to compensate it for the infringement, but in no event less than a reasonable royalty.

34. Upon information and belief, Defendants' infringements are willful, at least if Defendants continue to infringe the '059 patent after receiving notice of this lawsuit.

35. This case presents exceptional circumstances within the meaning of 35 U.S.C. § 285, at least if Defendants continue to infringe the '059 patent after receiving notice of this lawsuit, and Aloft Media is thus entitled to an award of its reasonable attorney fees.

## PRAYER FOR RELIEF

WHEREFORE, Aloft Media, LLC requests that this Court enter:

A.  A judgment in favor of Aloft Media, LLC that Defendants have directly, and/or by way of inducing infringement by others, and/or contributing to the infringement by others, infringed of the '393 and '059 patents, and that such infringement was willful;

B.  A judgment and order requiring Defendants to pay Aloft Media, LLC its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '393 and '059 patents as provided under 35 U.S.C. § 284;

C.  A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Aloft Media its reasonable attorneys fees; and

D.  Any and all other relief to which the Court may deem Aloft Media, LLC entitled.

## DEMAND FOR JURY TRIAL

Aloft Media, LLC, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Respectfully submitted,

*/s/ Eric M. Albritton*

Eric M. Albritton
Texas Bar No. 00790215
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397
ema@emafirm.com

Thomas John Ward, Jr.
Texas Bar No. 00794818
WARD & SMITH LAW FIRM
P O Box 1231
Longview, TX 75606-1231
Telephone: (903) 757-6400
Facsimile: (903) 757-2323
jw@jwfirm.com

Scott Stevens
State Bar No. 00792024
Kyle J. Nelson
State Bar No. 24056031
STEVENS LAW FIRM
P.O. Box 807
Longview, Texas 75606
Tel: 903-753-6760
Fax: 903-753-6761
scott@seslawfirm.com
kyle@seslawfirm.com

10

Danny L. Williams
Texas Bar No. 21518050
Chris Cravey
Texas Bar No. 24034398
Matthew R. Rodgers
Texas Bar No. 24041804
WILLIAMS, MORGAN & AMERSON, P.C.
10333 Richmond, Suite 1100
Houston, Texas 77042
Telephone: (713)934-4060
Facsimile: (713) 934-7011
danny@wmalaw.com
ccravey@wmalaw.com
mrodgers@wmalaw.com

***ATTORNEYS FOR PLAINTIFF ALOFT MEDIA, LLC***

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 21st day of August, 2008.

_____
Eric M. Albritton

11