# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| ALOFT MEDIA, LLC, <br><br> **Plaintiff,** <br><br> v. <br><br> MICROSOFT CORPORATION; SAP AG; SAP AMERICA, INC.; ORACLE CORPORATION; ORACLE USA, INC.; ET. AL. <br><br> **Defendants.** | **Civil Action No. 6:08-cv-51 (LED)** |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF INVALIDITY OF
U.S. PATENT NOS. 6,901,393, 7,478,076, & 7,041,059 UNDER 35 U.S.C. § 112**

# TABLE OF CONTENTS

**I. INTRODUCTION** .................................................................................................................. 1

**II. STATEMENT OF THE ISSUES** ....................................................................................... 2

**III. STATEMENT OF UNDISPUTED MATERIAL FACTS** ................................................. 2

**IV. ARGUMENT** ..................................................................................................................... 2
    A.   The § 112 Issues Presented Here Are Purely Legal and Should Be Resolved on Summary Judgment ............................................................................................................. 2
    B.   The Term "Universal Module" Has No Meaning and Is Therefore Indefinite ........... 2

**V. CONCLUSION** .................................................................................................................... 6

# TABLE OF AUTHORITIES

**Cases**

*Acadia Media Techs. Corp. v. New Destiny Internet Group*, 405 F.Supp.2d 1127, 1131-41 (N.D. Cal. 2005) ............................................................................................................................... 6

*Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1342 (Fed. Cir. 2003) .................... 6

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ...................................................................... 2

*Datamize, LLC v. Plumtree Software, Inc.*, 417 F.3d 1342, 1347 (Fed. Cir. 2005) ................... 3, 5

*Exxon Research & Eng'g Co. v. United States*, 265 F.3d 1371, 1376 (Fed. Cir. 2001) ................. 2

*Honeywell Int'l, Inc. v. ITC*, 341 F.3d 1332, 1338 (Fed. Cir. 2003) ....................................... 3, 4, 6

*Personalized Media Commc'ns, LLC v. ITC*, 161 F.3d 696, 705 (Fed. Cir. 1998) ........................ 2

*Phillips v. AWH Corp.*, 415 F.3d 1303, 1314-17 (Fed. Cir. 2005) ................................................. 4

**Statutes**

35 U.S.C. § 112, ¶ 2 ................................................................................................................... 3, 4

Fed. R. Civ. P. 56(c) ....................................................................................................................... 3

**I.      INTRODUCTION**

Defendants[1] Oracle Corporation and Oracle USA, Inc. (collectively, "Defendants") move for summary judgment that U.S. Patent Nos. 6,901,393 (the "'393 patent"), 7,401,059 (the "'059 patent") and 7,478,076 (the "'076 patent") (collectively "the patents-in-suit")[2] are invalid under 35 U.S.C. § 112, ¶ 2 because the term "universal module" is indefinite and incapable of construction. Each asserted independent claim requires the use of "universal modules." Aloft added the claim limitation "universal modules" during prosecution to overcome a prior art objection. *See* June 15, 2004 Amendment to '393 Patent, at 9, Ex. J. The term "universal module" is not described in the provisional application, the patents themselves, the file histories, or even the prior art cited by Aloft or the Examiner. Further, Aloft does not contend that the term has some particular meaning to one of skill in the art. *See* Pl. Claim Construction Br. at 17-21 (D.I. 203); Exhibit A to Joint Claim Construction and Prehearing Statement, at 7 (D.I. 196-2). For these reasons the term is incapable of a construction and therefore indefinite.

The issue presented here is a pure question of law and ripe for summary judgment. Accordingly, Defendants respectfully request that the Court find independent claims 8 and 13 of the '393 patent, 58 and 59 of the '059 patent, and 48 of the '076 patent, invalid for failure to satisfy the definiteness requirement of § 112. Because none of the dependent claims provide any additional information describing or defining the term "universal module" the dependent claims are also invalid for failure to satisfy the definiteness requirement of § 112.[3]

---

[1] SAP AG and SAP America, Inc. have settled their disputes with Aloft [Doc. # 204], however the parties have not finalized the necessary documentation.
[2] The '393 patent is attached as Exhibit A. The '059 patent is attached as Exhibit B. The '076 patent is attached as Exhibit C.
[3] Even though the validity of every claim of a patent is judged independently, 35 U.S.C. § 282, here none of the asserted dependent claims provide any additional information which would help define a "universal module."

1

**II.     STATEMENT OF THE ISSUES**

The issue to be decided by the Court is: whether the term "universal module," incorporated into each asserted claim, is indefinite resulting in the patents-in-suit being invalid under 35 U.S.C. § 112, ¶ 2.

**III.    STATEMENT OF UNDISPUTED MATERIAL FACTS**

1. The term "universal module" does not appear in the specification[4] for any of the patents-in-suit except when repeating part of the language in the claims: "carried out using universal modules capable of interfacing with different applications."

2. Aloft has provided no extrinsic evidence to support its construction. *See* Pl. Br. at 17-21 (D.I. 203); Joint Claim Construction and Prehearing Statement, Ex. K at 7 (D.I. 196-2).

**IV.    ARGUMENT**

**A.     The § 112 Issues Presented Here Are Purely Legal and Should Be Resolved on Summary Judgment**

Summary judgment is appropriate where, as here, there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The issue of indefiniteness under § 112 is a pure question of law and can be resolved on summary judgment. *See Personalized Media Commc'ns, LLC v. ITC*, 161 F.3d 696, 705 (Fed. Cir. 1998); *Exxon Research & Eng'g Co. v. United States*, 265 F.3d 1371, 1376 (Fed. Cir. 2001).

**B.     The Term "Universal Module" Has No Meaning and Is Therefore Indefinite**

All of the asserted independent claims use the term "universal modules" in the same manner—for example, claim 8, element (f) of the '393 patent requires:

---

[4] The specifications of the patents-in-suit are nearly identical to each other. While one patent has fewer drawings and one patent has a slightly modified background section, the Description of the Preferred Embodiment (or detailed description as the '076 patent calls it) are identical. Aloft's own 4-3 disclosures confirms as much. *See* Joint Claim Construction and Prehearing Statement, Ex. A, n.2 (D.I. 196-2) ("The specifications of the patents-in-suit disclose substantially similar subject matter.").

>where (ii)-(iv) are carried out using *universal modules* capable of interfacing with different applications adapted for applying the *universal modules* to different business sectors;

>'393 Patent, 19:49-53, Ex. A (emphasis added).

The question for the Court is whether this term "universal module" is capable of a construction when there is no intrinsic or extrinsic evidence to support it.

The definiteness requirement can be found in § 112, ¶ 2 of the Patent Act, which states that "[t]he specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention." 35 U.S.C. § 112, ¶ 2. The definiteness inquiry focuses on whether the claims "adequately perform their function of notifying the public of the scope of the patentee's right to exclude." *Honeywell Int'l, Inc. v. ITC*, 341 F.3d 1332, 1338 (Fed. Cir. 2003). Claims are definite only when they "clearly distinguish what is claimed from what went before in the art and clearly circumscribe what is foreclosed from future enterprise." *Datamize, LLC v. Plumtree Software, Inc.*, 417 F.3d 1342, 1347 (Fed. Cir. 2005) (citing *United Carbon Co. v. Binney & Smith Co.*, 317 U.S. 228, 236 (1942)). Because patent claims enjoy a presumption of validity, only claims that are either "not amenable to construction" or "insolubly ambiguous" are invalid as indefinite under 35 U.S.C. § 112, ¶ 2. *Id.*; *Honeywell*, 341 F.3d at 1338. Here, both standards apply. The claims of the patents-in-suit are rendered insolubly ambiguous because there is no way for an accused infringer to appreciate the metes and bounds of the purported invention that heavily relies on the use of an unknown "universal module." The term "universal modules" is further incapable of construction because nowhere in the claims, specification, prosecution histories, or even the identified extrinsic evidence is the term "universal module" defined.

"In the face of an allegation of indefiniteness, general principles of claim construction apply." *Datamize*, 417 F.3d at 1348. *Phillips v. AWH Corp.* emphasized the importance of

3

intrinsic evidence in claim construction, namely the claims, the patent specification, and the file history. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1314-17 (Fed. Cir. 2005). Although claim construction often "involves little more than the application of the widely accepted meaning of commonly understood words," *Phillips*, 415 F.3d at 1314, that is not the case here. The term "universal module" is not a commonly understood phrase, so there is no plain meaning of the term to define the scope of the claims.[5] Aloft's proposed construction does not give any meaning to the term, nor has Aloft, or any other party, offered any extrinsic evidence to support a construction of the term. *See* Exhibit A to the Joint Claim Construction and Prehearing Statement, at 7-8, and Exhibit B to same at 6, 12, 22 (D.I. 196-2 & 196-3).

The specification provides no help in determining the meaning of "universal module." In fact, the provisional application serial no. 60/163,984, which is incorporated by reference by the patents-in-suit, does not include the term "universal module," nor do any of the figures in the patents-in-suit. *See* Provisional Application, Ex. D; '393 patent, Ex. A; '059 patent, Ex. B; '076 patent, Ex. C. When the term appears in the specification, it is merely to repeat part of the claim language: "carried out using universal modules capable of interfacing with different applications."[6] *Compare* '076 patent at 3:31-34 *with* 22:3-13, Ex. C. The specification never describes what a universal module is or how a universal module is made or used in connection with the claimed invention. *See Honeywell* 341 F.3d at 1339-40.

The prosecution history provides no help as to the meaning of "universal module." The term was added to overcome a prior art rejection, though none of the remarks relating to the

---

[5] Both parties agree that the term "universal module" has no plain meaning which would have been apparent to one of skill in the art. *See* Joint Claim Construction and Prehearing Statement, Ex. A at 7-8, Ex. B at 6, 12, 22 (D.I. 196-2 & 196-3); Pl. Br. at 17-21 (D.I. 203).

[6] The term "universal module" appears only two times in the '076 patent specification and neither time with any explanation of the term. '076 Patent 3:31-34, Ex. C ("that the various steps set forth hereinabove may be carried out using *universal modules* capable of interfacing with different applications." (emphasis added)); *id.* at 3:53-55 ("As set forth earlier, the various steps of FIG. 1 may be carried out using *universal modules* capable of interfacing with different applications." (emphasis added)).

amendments adding the term "universal module" provide any hint as to the meaning of the term. *See* June 1, 2007 Amendment to the '059 Patent File History, at 19, Ex. E; September 4, 2008 Amendment to the '076 File History, at 18, Ex. F. Although the term "universal module" was included in the Reasons for Allowance for the '393 patent (the first to issue), the language of the Reasons for Allowance merely repeats the claim language and provides no help as to the meaning of "universal module." *See* Notice of Allowability for the '393 Patent at 2-3, Ex. G. Furthermore, none of the prior art cited by Aloft or the Examiner describes, let alone even uses, the term "universal module."

Aloft's purported intrinsic evidence does not explain, define, or clarify what a "universal module" is or does. Aloft identifies 17 figures as intrinsic evidence without identifying a particular element in any figure. Moreover, none of the figures identified by Aloft include the term "universal module." Aloft identified 33 specification passages[7] and the related patent file histories[8] as support for its construction, yet neither source explains, defines, or clarifies what a "universal module" is or does. In short, Aloft's purported intrinsic evidence does not explain, define, or clarify what a "universal module" is or does. Nor has any extrinsic evidence been put forth by any party. *See* Exhibit A to Joint Claim Construction and Prehearing Statement, at 7-8, and Exhibit B to same at 6, 12, 22 (D.I. 196-2 & 196-3).

Where, as here, a claim contains a term that has no meaning and cannot be construed, courts have properly entered summary judgment of invalidity. *See, e.g., Datamaize*, 417 F.3d at 1349-56 (affirming summary judgment of invalidity for indefiniteness); *Honeywell*

---

[7] For example, Aloft cites passage 1:18-20 of the '076 patent, which merely recites the Field of Invention and makes no reference to a universal module. Aloft offers passage 4:50-66 of the '076 patent, which is a passage regarding object orienting programming, but fails to mention, let alone define a "universal module." Aloft also cites passage 8:49-51 of the '076 patent, "[a] framework embodies the way a family of related programs or pieces of software work," but again this passage does not even mention a "universal module."

[8] Aloft cites from the '991 patent file history "July 21, 2004 Amendment B" Ex. H, and "2004 Notice of Allowance," Ex. I; the '059 patent file history "June 1, 2007 Amendment A," Ex. E; from '393 file history "June 15, 2004 Amendment A," Ex. J; and "January 19, 2005 Notice of Allowance," Ex. G.

5

*International., Inc.*, 341 F.3d at 1338-42 (affirming determination of invalidity by the U.S. International Trade Commission for indefiniteness); *Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1342 (Fed. Cir. 2003) (affirming summary judgment of invalidity for indefiniteness and vacating finding of noninfringement based on indefinite term); *Acadia Media Techs. Corp. v. New Destiny Internet Group*, 405 F.Supp.2d 1127, 1131-41 (N.D. Cal. 2005) (invalidating claims containing the coined terms "identification encoder" and "sequence encoder" for indefiniteness).

## V. CONCLUSION

The term "universal module" was added to overcome a prior art rejection by the PTO, is never mentioned in the file history or prior art cited by the examiner or the patentee, lacks meaning to one of skill in the art, and there is a complete dearth of information in the specification relating to what a "universal module" is or does. For all of the reasons set forth above, independent claims 8 and 13 of the '393 patent, 58 and 59 of the '059 patent and 48 of the '076 patent are invalid for indefiniteness, as are dependent claims 60, 61, 71, 75, 76, 78, 85-87 of the '059 patent and 50, 60, 64, 65, 67, 74-76 of the '076 patent. Accordingly, Defendants respectfully request that the Court enter summary judgment of invalidity for these claims.

Dated: October 27, 2009

Respectfully submitted,

*/s/ Diane V. DeVasto*
Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Diane V. DeVasto
State Bar No. 05784100
dianedevasto@potterminton.com
POTTER MINTON
A Professional Corporation
110 N. College Ave., Suite 500
Tyler, Texas 75702
903/597-8311
903/593-0846 Facsimile

7

Dave Nelson
davenelson@quinnemanuel.com
Jennifer Bauer
jenniferbauer@quinnemanuel.com
Ellen Padilla
ellenpadilla@quinnemanuel.com
Chris Freeman
chrisfreeman@quinnemanuel.com
QUINN EMANUEL URQUHART
OLIVER & HEDGES
250 S. Wacker, Suite 230
Chicago, Illinois  60606
Telephone: (312) 463-2961
Fax: (312) 463-2962

Sean Pak
QUINN EMANUEL URQUHART
OLIVER & HEDGES
seanpak@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Fax: (415) 875-6700

Of Counsel:
Peggy Bruggman
peggy.bruggman@oracle.com
ORACLE CORPORATION
500 Oracle Parkway, 7th Floor
Redwood Shores, California  94065
Telephone:  (650) 506-7200
Facsimile:  (650) 506-7114

**COUNSEL FOR DEFENDANTS ORACLE CORPORATION AND ORACLE USA, INC.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on October 27, 2009 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by first class U.S. mail on this same date.

                                                  */s/ Diane V. DeVasto*
                                                  Diane V. DeVasto